1  Joel D. Voelzke (State Bar No. 179,296)
   Joel@Voelzke.com
2  Intellectual Property Law Offices of Joel Voelzke, A P.C.
   24772 W. Saddle Peak Road
3  Malibu, CA  90265
   Tel: (310) 317-4466
4  Fax: (310) 317-4499

5  Attorneys for Defendant and Counterclaimant R.K. Company, Inc.

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **WESTERN DIVISION**

11  GLOBAL TOBACCO, LLC, a Texas          Case No.:  2:15-CV-05227-RGK-PJW
    limited liability company
12                                        **DEFENDANT'S ANSWER TO**
                                          **PLAINTIFF'S FIRST AMENDED**
13              Plaintiff                 **COMPLAINT; COUNTERCLAIMS FOR**
        v.                                **DECLARATORY RELIEF**
14
    R.K. CO., INC., a Nevada Corporation dba
15  CIGAR CARTEL and DOES 1 through 10.

16              Defendant                 **DEMAND FOR JURY TRIAL**

17  ─────────────────────────────────

18  R.K. COMPANY, INC.

19              Counterclaim Plaintiff

20      v.

21  GLOBAL TOBACCO, LLC

22              Counterclaim Defendant

23  ─────────────────────────────────

24      Defendant R.K. COMPANY, INC ("RK" or "Defendant"), by and through its

25  undersigned counsel, Intellectual Property Law Offices of Joel Voelzke, A P.C., hereby files

26  its Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff

27  GLOBAL TOBACCO, LLC ("GLOBAL" or "Plaintiff").  Responding to the individually

28

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

1

enumerated paragraphs of the First Amended Complaint, Defendant answers as follows:

## **INTRODUCTION**

1. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 1 and on that basis denies these allegations.

2. Defendant admits that its principle place of business is at 8826 Bradley Avenue, Sun Valley, CA 91352, and that it has done business in California as "Cigar Cartel."

3. Defendant admits that PREVOST resides in the Los Angeles area, and is the President of CIGAR CARTEL. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant admits that NASCO contracted with CIGAR CARTEL to produce Cartel Cigars for sale in California and other states. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 4 and on that basis denies these allegations.

5. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 5 and on that basis denies these allegations.

6. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 6 and on that basis denies these allegations.

7. Paragraph 7 requires no admission or denial from Defendant.

8. Paragraph 8 requires no admission or denial from Defendant.

9. Defendant admits that production of CARTEL CIGARS involved in some way each of CIGAR CARTEL, PREVOST, NASCO, 22nd CENTURY, and SICIGNANO. Defendant denies the remaining allegations in Paragraph 9.

10. Defendant admits that it has conducted business and distributes its products in California, within this court's jurisdiction, in Southern California and the greater Los Angeles area. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 10 and on that basis denies these allegations

11. Defendant agrees that the Complaint alleges causes of action as stated in Paragraph

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

11.

12.  Defendant admits that this Court has subject matter jurisdiction in this action.

13.  Defendant admits that venue is proper with respect to Defendant.

14.  Defendant admits that this Court has personal jurisdiction over Defendant. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 14 and on that basis denies these allegations

15.  Defendant admits that Defendant distributed CLIPPER brand cigars, as well as the cigars, cigarettes, and other tobacco products of various tobacco companies, for many years, including long before Plaintiff or its CLIPPER brand existed.  Defendant denies the remaining allegations in Paragraph 15.

16.  Defendant admits that it developed a filtered cigar brand called CARTEL. Defendant denies the remaining allegations in paragraph 16.

17.  Defendant admits that it developed CARTEL filtered cigars while it also distributed CLIPPER cigars.  With respect to the allegations regarding the actions of NASCO and 22nd Century, Defendant is without sufficient knowledge to admit or deny those allegations and on that basis denies same.  Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 17 and on that basis denies same.

18.  Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 18 and on that basis denies these allegations

19.  Defendant admits that CLIPPER brand cigars have been sold in the United States including California.  Defendant is without sufficient knowledge to admit or deny the remaining allegations in 19 and on that basis denies these allegations

20.  Defendant admits that Exhibits 1 and 2 appear to be photocopies of U.S. trademark registrations as stated.  Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 20 and on that basis denies these allegations.

21.  Defendant denies the allegations in Paragraph 21.

22.  Defendant admits that photographs in Paragraph 22 appear to accurately depict

CLIPPER brand cigars sold by Plaintiff.  Defendant denies that the font and graphical elements used on CLIPPER brand cigar packaging are distinctive or unique to Plaintiff in the tobacco industry.  Defendant denies that Plaintiff has any protectable trade dress.

23.  Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 23 and on that basis denies these allegations.

24.  Defendant denies the allegations in Paragraph 24.

25.  Defendant admits that it and its predecessors have been in the cigar and cigarette distribution business since the 1990s, long before Plaintiff existed, distributing cigars and cigarettes for Phillip Morris, RJ Reynolds, and many others. Defendant admits that in approximately November 2011 Defendant agreed to distribute CLIPPER brand cigars as well, and thereafter did distribute CLIPPER brand cigars along with the many other brands that Defendant already distributed.  Defendant denies the remaining allegations in Paragraph 25.

26.  The first two sentences of Paragraph 26 are so vague as to render Defendant unable to admit or deny them.   Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 26 and on that basis denies these allegations.

27.  Defendant admits that CIGAR CARTEL and NASCO entered into an agreement that NASCO would manufacture CARTEL cigars for CIGAR CARTEL.  Defendant denies the remaining allegations in Paragraph 27.

28.  Defendant admits that, in response to an inquiry from Joe Pandolfino at 22nd Century as to whether CARTEL cigars should have a sweet flavor on the tipping of the flavored cigars, PREVOST replied that Mr. Pandolfino should "copy" "what Clipper does" "because it sells well for me."  That email was cc'd to SICIGNANO.   Defendant denies the remaining allegations in Paragraph 28.

29.  Defendant admits that CIGAR CARTEL and NASCO communicated repeatedly regarding the development of CARTEL cigars.  Defendant admits that CARTEL cigars were intended to be similar in certain respects to CLIPPER cigars and to present to consumers an alternative to CLIPPER cigars.  Defendant denies that the packaging was designed so as to

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

4

1    "copy" the CLIPPER cigar packaging.

2        30.    Defendant admits that PREVOST sent an email on November 16, 2014  to Ralph

3    Angiuoli, Jr., with cc to SICIGNANO, containing the quoted text.  Defendant denies the

4    remaining allegations in Paragraph 30.

5        31.    Defendant admits that SICIGNANO sent an email on December 17, 2014 to

6    PREVOST containing the quote text.  Defendant admits that the attached artwork did not

7    contain elements of the asserted trade dress.  Defendant denies the remaining allegations in

8    Paragraph 31.

9        32.    Defendant admits that emails were sent containing the quoted texts, to and from

10   the persons stated.  Defendant denies the remaining allegations in Paragraph 32.

11       33.    Defendant admits that emails were sent containing the quoted texts, to and from

12   the persons stated, and that photographs were sent as stated.  Defendant denies the remaining

13   allegations in Paragraph 33.

14       34.    Defendant denies the allegations in Paragraph 34.

15       35.    Defendant admits that PREVOST approved the packaging that was used for

16   CARTEL cigars.  Defendant is without sufficient knowledge regarding whether SICIGNANO

17   "approved" the packaging to admit or deny that allegation.  Defendant denies that the

18   CARTEL packaging infringes the Clipper Trade Dress.

19       36.    Defendant admits that SICIGNANO set an email to PREVOST containing the

20   quoted text.  Defendant denies the remaining allegations in Paragraph 36.

21       37.    Defendant admits that in or around May 2015 Defendant commenced the sale of

22   CARTEL Cigars that were designed, manufactured, and packaged by NASCO and/or 22nd

23   Century, that the cigars were generally of the same industry standard size and shape as

24   CLIPPER cigars, and that CARTEL cigars came in the following industry standard flavors:

25   full flavor, lights, menthol, grape, strawberry, peach, vanilla, cherry.  Defendant denies the

26   remaining allegations in Paragraph 37.  Defendant denies that the CARTEL packaging

27   infringes the Clipper Trade Dress.

28

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

1    38.   Defendant denies the allegations in Paragraph 38.

2    39.   Defendant admits that PREVOST performed the acts as admitted herein above.

3    Defendant denies the remaining allegations in Paragraph 39.

4    40.   Defendant denies that the CARTEL packaging infringes the Clipper Trade Dress.

5    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 40

6    and on that basis denies those allegations.

7    41.   Defendant denies the allegations in Paragraph 41.

8    42.   Defendant admits that the photographs appear to show packages in which

9    CARTEL cigars were originally packaged.  Defendant denies that the CARTEL packaging

10   infringes the Clipper Trade Dress.

11   43.   Defendant admits that the photographs appear to show packages in which

12   CARTEL cigars were originally packaged, and in which CLIPPER cigars were packaged.

13   Defendant denies that the CARTEL packaging infringes the Clipper Trade Dress.

14   44.   Defendant denies the allegations in Paragraph 44.

15   45.   Defendant denies the allegations in Paragraph 45.

16   46.   Defendant is without sufficient knowledge to admit or deny the allegations in

17   Paragraph 46 and on that basis denies those allegations.

18   47.   Defendant admits that it sold approximately $200,000 worth of CARTEL cigars in

19   the accused packaging between approximately May 2015 and September 2015.  Defendant

20   denies that the CARTEL packaging infringes the Clipper Trade Dress.

21   48.   Defendant denies the allegations in Paragraph 48.

22   49.   Defendant denies the allegations in Paragraph 49.

23   50.   Defendant denies the allegations in Paragraph 50.

24   51.   Defendant denies the allegations in Paragraph 51.

25   52.   Defendant admits the allegations in Paragraph 52.

26

27

28

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT I**

**<u>FALSE DESIGNATION OF ORIGIN</u>**

**(Against CARTEL CIGAR, PREVOST, and DOES 1-10)**

53.  Defendant repeats its responses in Paragraphs 1 through 52.

54.  Defendant denies the allegations in Paragraph 54.

55.  Defendant denies the allegations in Paragraph 55.

56.  Defendant denies the allegations in Paragraph 56.

57.  Defendant denies the allegations in Paragraph 57.

58.  Defendant denies the allegations in Paragraph 58.

59.  Defendant denies the allegations in Paragraph 59.

60.  Defendant denies the allegations in Paragraph 60.

61.  Defendant denies the allegations in Paragraph 61.

**COUNT II**

**<u>COMMON LAW TRADE DRESS INFRINGEMENT</u>**

**(Against CARTEL CIGAR, PREVOST, and DOES 1-10)**

62.  Defendant repeats its responses in Paragraphs 1 through 52.

63.  Defendant denies the allegations in Paragraph 63.

64.  Defendant denies the allegations in Paragraph 64.

65.  Defendant denies the allegations in Paragraph 65.

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

## COUNT III

## CONTRIBUTORY TRADE DRESS INFRINGEMENT

### (Against NASCO, 22nd CENTURY, SICIGNANO and DOES l-10)

66.    Paragraph 66 is not directed to Defendant and therefore no responses is required from Defendant.

67.    Paragraph 67 is not directed to Defendant and therefore no responses is required from Defendant.

68.    Paragraph 68 is not directed to Defendant and therefore no responses is required from Defendant.

69.    Paragraph 69 is not directed to Defendant and therefore no responses is required from Defendant.

70.    Paragraph 70 is not directed to Defendant and therefore no responses is required from Defendant.

## COUNT IV

## Unfair Competition and Unfair Business Practices Pursuant to Cal. Bus & Prof. Code § 17200, 17500 et seq.

### (Against CIGAR CARTEL, PREVOST, and DOES 1-10)

71.-  Defendant repeats its responses in Paragraphs 1 through 52.

72.  Defendant denies the allegations in Paragraph 72.

73.  Defendant denies the allegations in Paragraph 73.

74.  Defendant denies the allegations in Paragraph 74.

75.  Defendant denies the allegations in Paragraph 75.

76.  Defendant denies the allegations in Paragraph 76.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

*GLOBAL TOBACCO, LLC v. RK COMPANY, INC. dba CIGAR CARTEL*
**ANSWER TO FAC AND COUNTERCLAIMS**

(Failure to State a Cause of Action)

77.   The Complaint, and each and every cause of action set forth therein alleged against Defendant, fails to state facts sufficient to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

(Invalidity – Trade Dress)

78.   The asserted trade dress is invalid.

## THIRD AFFIRMATIVE DEFENSE

(Functionality – Trade Dress)

79.   The asserted trade dress is functional and therefore ineligible for trade dress protection.

## FOURTH AFFIRMATIVE DEFENSE

(No Secondary Meaning)

80.   The asserted trade dress has not acquired distinctiveness/secondary meaning and/or is not inherently distinctive.

## FIFTH AFFIRMATIVE DEFENSE

(Privilege of Fair Competition)

81.   Plaintiff's claims are barred in whole or in part by the privilege of fair competition.

## SIXTH AFFIRMATIVE DEFENSE

(Fair Use)

82.   Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

## SEVENTH AFFIRMATIVE DEFENSE

(Preemption)

83.   Plaintiff's state law and/or common law claims are preempted by the federal claims.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

*GLOBAL TOBACCO, LLC v. RK COMPANY, INC. dba CIGAR CARTEL*
**ANSWER TO FAC AND COUNTERCLAIMS**

84.   Plaintiff is guilty of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

(Additional Defenses)

85.   Defendant hereby gives notice that it intends to rely upon any additional defenses that become available or apparent during discovery and thus reserves the right to amend its answer to assert such defenses.

### COUNTERCLAIMS

Defendant-Counterclaim Plaintiff R.K. hereby pleads the following counterclaims against Plaintiff-Counterclaim Defendant GLOBAL.

### Jurisdiction and Venue

1.   RK is a Nevada corporation having a place of business at 8826 Bradley Avenue, Sun Valley, CA  91352.

2.   On information and belief, GLOBAL is a Texas limited liability company with its principal place of business at 2861 Congressman Ln., Suite 300, Dallas, Texas 75220.

3.   In its Counterclaims, RK seeks declarations of non-infringement and non-protectability of the trade dress asserted in the Complaint.  As such, jurisdiction is proper pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), as this matter arises under the Trademark Laws of the United States, Title 15, United States Code.

4.   This Court has personal jurisdiction over GLOBAL because it has consented to jurisdiction by filing the instant case.

5.   Venue in this district is proper under 28 U.S.C. §1391.

### Facts Common to All Counterclaims for Relief

6.   The mark CARTEL for the goods of cigars is protected by U.S. Reg. No. 4,320,723, registered on April 16, 2013.

7.   The United States Patent and Trademark Office ("PTO") found the mark

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

"CARTEL" for cigars to not be confusingly similar to any other registered or pending

trademark, including Plaintiff's "CLIPPER" mark for cigars.  Accordingly, the PTO registered

the mark.

8.  GLOBAL did not oppose the "CARTEL" trademark application as being

confusingly similar to "CLIPPER."

9.  GLOBAL has never sought to cancel RK's "CARTEL" trademark registration as

being confusingly similar to "CLIPPER."

10.  The accused CARTEL cigar packaging prominently featured the CARTEL brand

name.

11.  The accused CARTEL cigar packaging prominently featured a silhouette of a man

wearing a hat.

12.  The mark "CARTEL" for cigars is not confusingly similar to "CLIPPER" for

cigars.

13.  RK's man-wearing-a-hat logo is not confusingly similar to Global's clipper ship

logo displayed on the CLIPPER packaging.

14.  The font used by GLOBAL for its CLIPPER brand cigars is not unique to the

brands of either GLOBAL or RK within the cigar/cigarette industry.

15.  The following colors are generally standard within the tobacco industry, used in

conjunction with the following flavors:

1)  red for full flavor;

2)  green for menthol;

3) orange or peach colored for peach;

4)  purple for grape;

5)  dark red or cherry colored for cherry;

6)  blue for lights;

7)  light tan for vanilla; and

8)  light red or pink for strawberry.

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

16.  The colors listed in the paragraph above are functional within the tobacco industry due to their widespread use to denote the flavors listed.

17.  GLOBAL uses those industry standard colors for its CLIPPER cigar flavors.

18.  The colors used on CLIPPER cigar packaging are functional.

19.  In California, as in most if not all 50 states, by law tobacco products are kept out of physical reach of consumers, such as behind the counter or locked in a cabinet.  By law, consumers cannot simply reach onto the shelf for a pack or a carton of cigars or cigarettes, but instead must specifically ask for those products.

20.  Cigar and cigarette smokers are, relatively speaking, fiercely brand loyal.

21.  Smokers typically purchase cigarettes/cigars by requesting for them by brand name, such as saying to the store clerk, "Give me a pack of Marlboroughs," or "Give me a pack of American Spirits," or "Give me a pack of CLIPPERs," or sometimes simply, "Give me your cheapest pack of cigarettes."

22.  It would be extremely unusual for a store clerk when asked for "a pack of CLIPPERS" to pick a different brand from behind the counter and give the customer something other than what he asked for, and for the customer to then mistakenly purchase and walk away with the wrong brand.

23.  Because of the unique way that tobacco products are required by law to be sold, it is extremely unlikely that a consumer would be confused into buying a different brand than that which he intended to purchase.

25.  Within days of RK receiving the first shipment from NASCO of CARTELS cigars in the accused packaging, and as soon as RK found out that GLOBAL objected to the accused packaging, RK reached out to GLOBAL, offering in writing to change the artwork and asking GLOBAL to cooperate in arriving at new artwork.

26.  GLOBAL did not cooperate with RK in arriving at new artwork.

27.  Prior to GLOBAL filing its motion for preliminary injunction [14] on August 7, 2015, on July 29, 2015 RK, acting through its attorney Joel Voelzke, sent to RK's attorney

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

Greg Bordo, the email the is attached hereto as **Exhibit 1**.

28. As shown in **Exhibit 1**, that email included an attached file named:

CARTEL CARTON 100s FF REVISED.jpg.

29. **Exhibit 1** contains a true copy of that attached file as sent to Mr. Bordo.

30. The text of the email states in part, "RK will:  1. Change the packaging per the attached artwork for all shipments which occur henceforth."

31. The proposed artwork sent by RK's attorney to Global's attorney is reproduced below next to an image of a CLIPPER Cigar carton.

 

**The Proposed Artwork sent to Global's**          **CLIPPER Cigar Carton**

**Attorneys on July 29, 2015**

32. The proposed artwork clearly does not infringe the asserted Clipper Trade Dress.

33. GLOBAL's attorney Greg Bordo received that email of July 29.

34. On July 30, 2015 GLOBAL's attorney Greg Bordo replied to that email of July 29.

35. A copy of Mr. Bordo's reply is attached hereto as **Exhibit 2**.

36. Mr. Bordo's reply included the text of Mr. Voelzke's email of July 29, proving beyond all doubt that Mr. Bordo received Mr. Voelzke's email.

37. In his reply, Mr. Bordo did not respond to the offer to change the artwork.

38. In his reply, Mr. Bordo ignored the offer to change the artwork.

39. In his reply, Mr. Bordo did not claim that no artwork was attached to Mr.

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

13

1    Voelzke's email of July 29.

2         40. In his reply, Mr. Bordo did not claim that he was unable to open the attachment.

3         41. In its motion for preliminary injunction [14], Global told this Court that

4    "Defendant offered to make only subtle changes to the packaging of Cartel Cigars." ([37] at

5    5:7-8).

6         42. GLOBAL's representation to this Court that RK had "offered to make only subtle

7    changes" was false in view of Mr. Voelzke's email of July 29 to Mr. Bordo which, as

8    demonstrated by **Exhibit 2**, Mr. Bordo in fact received.

9         43. In R.K.'s Opposition [19] to the motion for preliminary injunction, R.K. pointed

10   out that it had indeed offered to switch to the artwork that is shown in **Exhibit 1** hereto. ([19]

11   at 2:18-24), and that GLOBAL could not claim with a straight face that that proposed

12   packaging would be confusingly similar to the CLIPPER packaging. (Id. at 2:27 - 3:1).

13        44. In GLOBAL's Reply brief [23] and supporting declarations, rather than admit that

14   it had made a mistake in telling this Court that R.K. had "offered to make only subtle

15   changes," GLOBAL doubled down. GLOBAL's in-house counsel Alyssa Krahmer, who

16   would have no personal knowledge of what emails Mr. Voelzke had sent to Mr. Bordo,

17   submitted a craftily worded declaration in an attempt to mislead this Court into believing that

18   R.K.'s counsel had not sent that proposed artwork to GLOBAL's counsel.

19        45. Ms. Krahmer's declaration stated, "At no time did Mr. Prevost provide Global with

20   images of the proposed packaging artwork for its Cartel Cigars as reflected on the document

21   attached as Exhibit 1 to the Declaration of Joel Voelzke." ([25] at 1:13-14).

22        46. This Court understood from Mr. Krahmer's craftily worded declaration to state

23   that, "Plaintiff's General Counsel denies that Defendant ever sent that packaging." (Civil

24   Minutes [30] at middle of page).

25        47. GLOBAL and its attorneys succeeded at misleading this Court.

26        48. GLOBAL's representation to this Court that RK had not sent that proposed

27   artwork was false.

28

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

49. At no time has GLOBAL ever attempted to advise the Court that R.K.'s attorney did send that email, and that Global's attorney Mr. Bordo did in fact receive it.

50. At no time has Global corrected its false and misleading statements to this Court.

51. GLOBAL demanded that RK recall from retail establishments and store shelves all of the CARTEL products in the accused packaging, and that all of that packaging be destroyed.

52. With or without GLOBAL's cooperation, RK has advised GLOBAL that any future shipments that it receives from the factory will bear the new artwork shown in **Exhibit 1**.

53. GLOBAL demanded that RK pay to GLOBAL "a bunch of money."

54. GLOBAL has advised RK that the "bunch of money" is non-negotiable.

55. GLOBAL's settlement demands are unreasonable.

56. GLOBAL'S settlement demands are particularly unreasonable in view of: the failure of the asserted trade dress to constitute a protectable trade dress; the use of the colors at issue to denote standard flavors and hence the functionality of those colors; the non-uniqueness of the font to either GLOBAL or RK within the cigarette/cigar industry; the prominent marking of all CARTEL brand products with the CARTEL name and man-wearing-a-hat logo; RK's immediately and repeated offers to change to new artwork and GLOBAL's lack of cooperation regarding the proposed new artwork; GLOBAL's and its attorneys' successfully misleading the Court regarding R.K.'s offer to change the drastically different artwork; the extreme unlikeliness of consumer confusion due to the unique way that tobacco products are required by law to be sold in this country, and the miniscule amount of conceivably affected sales.

57. GLOBAL's unreasonable demands are borne of malice and spite, and a desire to quash competition.

## FIRST COUNTERCLAIM

(Declaratory Judgment of Non-Infringement)

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

1

58.  RK reaffirms and incorporates the allegations above.

2

59.  As a result of Plaintiff's charge of infringement against RK, an actual controversy

3

exists as to infringement of the alleged trade dress.

4

60.  RK has not infringed, and is not now infringing, the asserted trade dress, either

5

willfully, recklessly, or otherwise.

6

61.  Consumers are unlikely to be confused.

7

### SECOND COUNTERCLAIM

8

(Declaratory Judgment of Non-Distinctiveness)

9

62.  RK reaffirms and incorporates the allegations above.

10

63.  As a result of Plaintiff's charge of infringement against RK, an actual controversy

11

exists as to protectabilty and enforceability of the alleged trade dress.

12

64.  The asserted trade dress is not protectable because it is not inherently distinctive

13

and/or has not acquired secondary meaning.

14

15

### PRAYER

16

WHEREFORE, R.K. Company, Inc. dba Cigar Cartel prays as follows:

17

1.  That Plaintiff's Complaint and each separate cause of action asserted against

18

Defendant and Counterclaimant t herein be dismissed;

19

2.  That Plaintiff takes nothing by the Complaint;

20

3.  For a declaration that the asserted trade dress is invalid, not enforceable, and not

21

infringed.

22

3.  That judgment be awarded in favor of Defendant and Counterclaimant;

23

4.  That Defendant and Counterclaimant be awarded reasonable attorney's fees incurred

24

herein;

25

5. That Defendant and Counterclaimant recover from Plaintiff its costs of suit and other

26

costs as may be deemed just and proper; and

27

6.  For such other relief as the Court deems just and proper.

28

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

1

2                              Respectfully submitted,

3                              INTELLECTUAL PROPERTY LAW OFFICES OF
JOEL VOELZKE, A P.C.

4

5  DATED:  May 3, 2016

6                                 /s/  *Joel D. Voelzke*

7                              Joel D. Voelzke
Attorneys for Defendant and Counterclaimant

8                            R.K. Company, Inc. dba Cigar Cartel

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

17

1

## DEMAND FOR JURY TRIAL

2

Defendant and Counterclaimant hereby demands a trial by jury on all issues properly

3

triable by jury.

4

5

INTELLECTUAL PROPERTY LAW OFFICES OF
JOEL VOELZKE, A P.C.

6

7

DATED:  May 3, 2016

8

_____/s/_  _Joel D. Voelzke_____

Joel D. Voelzke

9

Attorneys for Defendant and Counterclaimant
R.K. Company, Inc. dba Cigar Cartel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

## PROOF OF SERVICE

I, the undersigned, am at least 18 years old and am not a party to this action.  My business address is 24772 W. Saddle Peak Road, Malibu, CA  90265.  I hereby certify that on **May 3, 2016** I served the following documents:

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIMS FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

on the interested party(ies) in the above action via:

☐  **BY FIRST CLASS MAIL.**  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Malibu, California addressed to:

> BLANK ROME LLP
> Gregory M. Bordo
> 2029 Century Park East, 6th Floor
> Los Angeles, CA  90067

☒  **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through the INTELLECTUAL PROPERTY LAW OFFICE OF JOEL VOELZKE'S electronic mail system to the e-mail address(es) set forth below in accordance with Federal Rules of Civil Procedure Rule 5(b)(3) and Local Rule 5-3.2

> BLANK ROME LLP
> Gregory M. Bordo
> 2029 Century Park East, 6th Floor
> Los Angeles, CA  90067
> GBordo@BlankRome.com

By: ___/s/  Joel D. Voelzke_____
    Joel Voelzke

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.
24772 W. SADDLE PEAK ROAD
MALIBU, CALIFORNIA 90265-3042
(310) 317-4466

Exhibit 1

199-002
O/C

**Joel Voelzke**

| | |
|---|---|
| **From:** | Joel Voelzke [joel@voelzke.com] |
| **Sent:** | Wednesday, July 29, 2015 10:42 PM |
| **To:** | 'Bordo, Gregory M.' |
| **Cc:** | 'Petersen, Christopher' |
| **Subject:** | RE: Global Tobacco v. R.K. Co. (199-002) |
| **Attachments:** | CARTEL CARTON 100s FF REVISED.jpg |

Re:  *Global Tobacco, LLC v. R.K. Co., Inc. dba Cigar Cartel*
Case No. 2:15-CV-05227-RGK-PJW (C.D. Cal.)

Dear Mr. Bordo,

Thank you for taking the time to discuss this case with me today.

In response to your proposal regarding a 30-day extension (below) of the time to answer, RK accepts Global's counter-proposal.  Accordingly, RK will:

1. Change the packaging per the attached artwork, for all shipments which occur henceforth, and
2. Provide to Global within 60 days an accounting of sales of the accused packaging.

Please be aware that RK advises me that it did not design the accused packaging.  The tobacco products factory designed the packaging, and that packaging was vetted for both regulatory compliance and for trademark clearance by the factory's in-house counsel, and explicitly approved by that in-house counsel. If RK is required to answer the complaint, RK expects to name the factory as a 3rd party defendant, taking the position that if there is any infringement, it is the factory's fault.  That will complicate the case for Global.

Also, RK advises me that its total sales were less than $200,000, and that there has only been a single shipment of product having the accused packaging.  Even assuming arguendo that Global can overcome the hurdles necessary to prove its substantive case, its lost sales that it can sufficiently prove under *Daubert* standards will be a tiny percentage of that (if any), and its lost profits on that tiny percentage will be yet another small fraction of that.  I invite your client to do the math.  This case is not worth the candle, not even close. As I said, your client will spend way more on TM surveys alone than it could possibly recover in damages.  I acknowledge, however, that you said that as far as your client is concerned, this case is not about damages, but about punishing RK because your Global is "hopping mad."

With respect to the brand names, note that CARTEL was registered as TM Reg. No. 4,320,723 for cigars.  The PTO found it to be not confusingly similar to CLIPPER for cigars.  The respective and non-confusing brand names are respective logos are prominently marked on the packages, which will make it even more difficult for your client to prove a likelihood of confusion based on unregistered trade dress.

Conclusion

Please confirm no later than noon on July 30 that Global agrees to the 30-day extension.  Hopefully that 30-day period will provide time for the parties to reach a reasonable resolution.

Very truly yours,
- Joel Voelzke

INTELLECTUAL PROPERTY LAW OFFICES
OF JOEL VOELZKE, APC
24772 W. Saddle Peak Road
Malibu, CA  90265-3042
Tel: (310) 317-4466
Fax: (310) 317-4499
email: joel@voelzke.com

---

**From:** Bordo, Gregory M. [mailto:GBordo@BlankRome.com]
**Sent:** Tuesday, July 28, 2015 9:05 AM
**To:** Joel Voelzke
**Cc:** Petersen, Christopher
**Subject:** RE: Global Tobacco v. R.K. Co.

Hi Joel.  Thanks for following up.  As you can imagine, Global is feeling less than generous when it comes to your client.  Moreover, Global's damages continue to grow while (from our point of view) your client

# CARTEL
## CIGARS



**FULL FLAVOR 100s BOX**

**Made Under Exclusive License of
Cigar Cartel, Sun Valley, CA
by TP NC 15033**

# 200
## CIGARS

---

**100s BOX**

**100s BOX**

# CARTEL
## CIGARS

# CARTEL
## CIGARS



# FULL FLAVOR

# CARTEL
## CIGARS

**FULL FLAVOR**

**MADE IN U.S.A.**

Warning:  Cigars contain many of the same carcinogens found in cigarettes, and cigars are not a safe substitute for smoking cigarettes. This product contains chemicals known to the State of California to cause cancer and birth defects and other reproductive harm.

**100s BOX**

**FULL FLAVOR**

---

# CARTEL
## CIGARS



UNDERAGE SALE PROHIBITED

**MADE IN U.S.A.**

Sale Only Allowed in the United States

**THESE CIGARS ARE PREDOMINANTLY
NATURAL TOBACCO WITH NON-TOBACCO
INGREDIENTS ADDED**



0 00382 18012 2

Warning:  Cigars contain many of the same carcinogens found in cigarettes, and cigars are not a safe substitute for smoking cigarettes. This product contains chemicals known to the State of California to cause cancer and birth defects and other reproductive harm.

**100s BOX**     **MADE IN U.S.A.**



**FULL FLAVOR**

# CARTEL
## CIGARS

Exhibit 2

**Joel Voelzke**

| | |
|---|---|
| **From:** | Bordo, Gregory M. [GBordo@BlankRome.com] |
| **Sent:** | Thursday, July 30, 2015 7:55 AM |
| **To:** | Joel Voelzke |
| **Cc:** | Petersen, Christopher |
| **Subject:** | Re: Global Tobacco v. R.K. Co. (199-002) |

UnfortunatelyJoel that is no longer acceptable to my client following our conversation. Accordingly please answer timely. Failure to do so will result in a default being requested. Thank you.

Gregory M. Bordo
BLANK ROME, LLP
424-239-3404
Mobile: 818-618-0537


> On Jul 29, 2015, at 10:12 PM, Joel Voelzke <joel@voelzke.com> wrote:
>
> Re:      Global Tobacco, LLC v. R.K. Co., Inc. dba Cigar Cartel
>          Case No. 2:15-CV-05227-RGK-PJW (C.D. Cal.)
>
>
> Dear Mr. Bordo,
>
> Thank you for taking the time to discuss this case with me today.
>
> In response to your proposal regarding a 30-day extension (below) of the time to answer, RK accepts Global's counter-proposal.  Accordingly, RK will:
> 1.
> 1.  Change the packaging per the attached artwork, for all shipments
> which occur henceforth, and 2.  Provide to Global within 60 days an accounting of sales of the accused packaging.
>
> Please be aware that RK advises me that it did not design the accused packaging.  The tobacco products factory designed the packaging, and that packaging was vetted for both regulatory compliance and for trademark clearance by the factory's in-house counsel, and explicitly approved by that in-house counsel. If RK is required to answer the complaint, RK expects to name the factory as a 3rd party defendant, taking the position that if there is any infringement, it is the factory's fault.  That will complicate the case for Global.
>
> Also, RK advises me that its total sales were less than $200,000, and that there has only been a single shipment of product having the accused packaging.  Even assuming arguendo that Global can overcome the hurdles necessary to prove its substantive case, its lost sales that it can sufficiently prove under Daubert standards will be a tiny percentage of that (if any), and its lost profits on that tiny percentage will be yet another small fraction of that.  I invite your client to do the math.  This case is not worth the candle, not even close. As I said, your client will spend way more on TM surveys alone than it could possibly recover in damages.  I acknowledge, however, that you said that as far as your client is concerned, this case is not about damages, but about punishing RK because your Global is "hopping mad."
>
> With respect to the brand names, note that CARTEL was registered as TM Reg. No. 4,320,723 for cigars.  The PTO found it to be not confusingly similar to CLIPPER for cigars.  The respective and non-confusing brand names are respective logos are prominently marked on the packages, which will make it even more difficult for your client to prove a likelihood of confusion based on unregistered trade dress.
>
> Conclusion
>
> Please confirm no later than noon on July 30 that Global agrees to the 30-day extension. Hopefully that 30-day period will provide time for the parties to reach a reasonable